ANN WILLIAMS *v.* SILAS M. GREEN.

Husband and wife in 1869, contracted to sell the land devised to the wife in 1855, and jointly covenanted to make title when the purchase money was paid, the purchaser giving bonds payable to the husband alone for the purchase money: *Held*, to be error in the Court below, to condemn this debt owing by the purchaser of the lands, to the payment of a debt due from the husband: *Held further*, that the wife was entitled to be heard on motion, in the proceedings supplemental to execution, instituted to subject the debt owing for the land to the payment of a debt owing by the husband.

MOTION, to set aside a former judgment of condemnation

heard by *Cannon, J.,* at the Fall Term, 1871, of the Superior Court for CHEROKEE county.

The original was a proceeding supplemental to execution, instituted by the defendant in this action to condemn to his use a certain debt, owing by one Blackwell, as is alleged, to S. E. Williams, against whom the defendant had a judgment. The debt owing by Blackwell was claimed by the plaintiff, the wife of Williams. His Honor condemned the debt to the use of the defendant, and at Fall Term, 1871, having refused to vacate that judgment, the plaintiff appealed.

Other facts relating to the point decided are stated in the opinion of the Court.

*Pace,* for appellant, submitted :

1st. If a Judge fail to entertain a motion or to set aside a judgment for any of the enumerated causes in the 133d section of the C. C. P., because he thinks he has not the power, he fails to exercise the discretion conferred upon him by law, and there is error. *Hudgins* v. *White,* 65 N. C. Rep. 393.

2d. On a motion to vacate a judgment, under 133d section C. C. P., it is the duty of the Judge to find and state the facts in order that his decision may be reviewed by this Court. *Powell* v. *Weith,* 66 N. C. Rep., 423 ; and *Clegg* v. *N. Y. White Soap Stone Company,* 66 N. C. Rep. 391.

3d. It is a general rule of equity that all parties having an interest in the subject in controversy shall be made parties thereto. *Swepson & McAden* v. *Rouse* and wife, 65 N. C. Rep. 34. There can be no judgment against a person not in Court. *White* v. *Albertson,* 3 Dev. 241.

4th. Wife's estate not subject to husband's debts. 10 art. 6 sec. Constitution.

*Jones & Jones, Gudger* and *Shipp,* contra.

SETTLE, J. It appears that Ann Williams, who seeks to be heard in this proceeding, became seized and possessed of a parcel of land in Cherokee county in 1855.

In 1862 she intermarried with the defendant, S. E. Williams, and in 1869 she with her husband, contracted to sell the said lands to one Blackwell, he giving bonds for the payment of the purchase money, and they giving bonds to make title when the purchase money should be paid. The said Williams and wife then removed to the State of Tennessee, and one Greene, the plaintiff in the action, to which this proceeding is supplemental, having theretofore recovered a judgment against the said S. E. Williams, procured an order from the Court directing Blackwell to appear and and answer what he owed the defendant, S. E. Williams. Blackwell answered that he owed the said S. E. Williams about $200, being the balance due on the purchase of the said lands; and thereupon the Court ordered Blackwell to pay the judgment in favor of Greene. The said Ann Williams makes affidavit that all of these proceedings occurred while she and her husband were absent from the State, and that she knew nothing of the same until some time thereafter.

There was error in the order directing Blackwell to pay money, due in equity to the wife, in discharge of a debt of her husband.

The fact that she permitted the bonds from Blackwell to be given to her husband alone, does not effect the equity which she had in that fund.

No determination of any controversy in relation to that fund could be had without the presence of the wife, and when she applied to be made a party and to have the order of the Court directing Blackwell to pay her money to the plaintiff set aside, the Court again erred in refusing her motion. As she sought relief from an illegal order made in

that cause, she was entitled to be heard on motion in the same cause.

The injustice of the order is still more apparent, when we consider its effect upon Blackwell. He simply has a bond for title, and of course the wife will never join in a deed until she receives full payment for her land, and no Court will compel her to do so.

Let it be certified that there is error.

PER CURIAM.                              Judgment reversed.